Aldon L. Bolanos, Esq., SBN. 233915
Nine Twenty-Five "G" Street
Sacramento, California 95814
PH.  916.446.2800
FX.  916.446.2828
www.aldonlaw.com

Attorney for Plaintiff Ekin MITCHELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EKIN MITCHELL,<br><br>         Plaintiff,<br><br>     vs.<br><br>SACRAMENTO CITY UNIFIED SCHOOL DISTRICT, DOES 1-10,<br><br>         Defendants. | Case No.  2:11-CV-00362-LKK-DAD<br><br>**PLAINTIFF'S OPPOSITION TO MOTION TO SET ASIDE DEFAULT**<br><br>Date:       July 29, 2011<br>Time:       10:00 a.m.<br>Courtroom:  27<br>Judge:      Hon. Dale A. Drozd<br><br>Action Filed:  February 2, 2011 |

Plaintiff, EKIN MITCHELL ("Ms. Mitchell") respectfully submits this opposition to Defendant SACRAMENTO CITY UNIFIED SCHOOL DISTRICT's ("the District") motion.

**I.   INTRODUCTION**

The District has not shown that its failure to timely answer Ms. Mitchell's complaint was not willful, and furthermore has not presented a meritorious defense. As a result, setting aside the default would prejudice Ms. Mitchell by causing further unwarranted delay in obtaining judgment against the District to which she is legally

1 entitled.  Accordingly, Ms. Mitchell requests that the
2 District's motion be denied.

3 **II.  FACTS**

4     This is a wrongful termination and race discrimination
5 employment case.  Plaintiff Ekin Mitchell is an accredited
6 schoolteacher who consistently performed her duties with
7 diligence and professionalism, which is supported by a
8 stellar record of excellent evaluations that demonstrate
9 her dedication to teaching her students.  (Complaint ¶ 1).
10 However, both Ms. Mitchell and another teacher, Ms. Joyce
11 Stevens, were involved in an unfortunate incident where one
12 of their students had been drinking during school hours.
13 (Complaint ¶ 6).  Ms. Stevens, a Caucasian employee, was
14 apparently not disciplined.  (Complaint ¶ 14).  On the
15 other hand, Ms. Mitchell, who is of Persian descent, was
16 terminated.  (Complaint ¶ 19).

17     As a result of the District's wrongful discriminatory
18 actions, Ms. Mitchell has lost her job and her stellar
19 employment record is tarnished such that she now faces a
20 grim prospect of finding teaching positions in an
21 increasingly competitive marketplace.  Ms. Mitchell brings
22 this action to recover back pay, front pay, other benefits
23 and compensatory and punitive damages pursuant to The Civil
24 Rights Act of 1964 codified in Title 42 U.S.C. § 1981.

25     Ms. Mitchell filed the complaint against the District
26 on February 9, 2011, nearly 10 months after her
27 termination.  The District was *personally* served with a
28 summons and complaint on May 3, 2011.  (Docket No. 6).

Indeed, the District does not dispute that service was proper. When an Answer or was not timely filed, Ms. Mitchell requested Entry of Default on June 16, 2011 (Docket No. 9). The clerk entered default against the District on June 23, 2011 following repeated notices to Defendant (Docket Nos. 8, 9, 10 and 11).

On June 28, 2011, nearly two months after being personally served with a copy of the summons and complaint, Defendant filed a Motion to set aside. (Docket No. 14). As of July 13, 2011 no answer has been filed.

**III. ARGUMENT**

The District, in its motion, erroneously cites FRCP Rule 60 on the basis of its motion to set aside. The correct rule is FRCP 55(c), which provides in pertinent part as follows:

> The court may set aside an entry of default for good cause, as it may set aside a default judgment under Rule 60(b).

A party in default bears the burden of showing "good cause" for setting aside the default under Rule 55. *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.,* 375 F.3d 922, 926, (9th Cir. 2004); *Cassidy v. Tenorio.,* 856 F.2d 1412, 1415, (9th Cir. 1988)(movant bears burden of justifying set aside, including meritorious defense).

Because of the parallels that exist between granting relief from entry of default and default judgment, courts deciding whether to set aside an entry of default under Rule 55(c) look at the factors used to set aside a default judgment under Rule 60. *Hawaii v. Carpenter's Trust Fund v. Stone,* 794 F.2d 508, 513 (9th Cir. 1986). In the Ninth Circuit, courts consider in particular three factors in determining whether "good cause" is present: (1) whether defendant has a meritorious defense; (2) whether defendant's culpable conduct led to the default; and (3) whether reopening the default judgment would prejudice plaintiff.

Additionally, the Court has authority to impose terms and conditions even where it finds that setting aside a default is otherwise appropriate. *Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec,* 854 F.2d 1538 (9th Cir. 1988)(holding that a district court has the power to set conditions on vacating an entry of default). The purpose of imposing such conditions is to rectify any prejudice to the non-defaulting party resulting from the default and delay, and most commonly, the additional expenses in obtaining the default and the hearing on the motion for relief. *Nilsson, Robbins et al. v. Louisiana Hydrolec supra,* 854 F.2d at 1546, 1547 ("It is appropriate to condition setting aside a default upon the payment of a sanction.")

Here, Mitchell incurred attorneys' fees in the sum of two thousand five hundred dollars in procuring this

default. See the Declaration of Bolanos, filed concurrently.

### A. The District's Default is the Result of a Willful Strategy to Delay Judgment and Thus The District's Conduct Led to the Default

To show willfulness, Plaintiffs need not show bad faith on the part of the Defendant, but must show more than mere negligence of carelessness. *SEC v. McNulty,* 137 F.3d 732, 738 (2d Cir. 1998). Courts have found defaults willful where the conduct of the adversary was "egregious and was not satisfactorily explained. *Id.* Here, the record is clear -Defendant was properly served with no fewer than three documents and given <u>months</u> more than the mandated time to respond. Despite this, Defendant failed to answer or otherwise respond to Ms. Mitchell's Complaint, Right to Sue Notice, or Request for Default Entry.

Even if Defendant were able to show a meritorious defense, "the mere existence of a meritorious defense does not prohibit default judgment" where a party has engaged in willful misconduct or a deliberate failure to respond. *Ackra Direct Marketing Corp. v. Fingerhut Corp.* (8th Cir. 1996) 86 F.3d 852, 857; *Jenkens & Gilchrist v. Groia & Co.* (5th Cir. 2008) 542 F.3d 114, 122. A defaulting party's conduct is culpable if "he has received actual or constructive notice of the filing of the action and intentionally failed to answer." *Alan Neuman Prods., Inc.*

*v. Albright* 862 F.2d 1388, 1392 (9th Cir.1988); *Meadows v. Dominican Republic* 817 F.2d 517, 521 (9th Cir. 1987).

According to the District's Motion, it did not review the contents of the Complaint because it did not bother to read the papers. The motion states:

> I first received the Summons and Complaint in this action on May 13, 2011, by e-mail from the Sacramento City Unified School District. The Summons and Complaint were included as attachments to the e-mail, along with other documents and a demand letter from Plaintiff's attorney.
>
> The contents of the attachment were approximately 28 pages long.
>
> At the time I received the e-mail from Sacramento City Unified School District on May 13,2011, I was focused on the demand letter and other documents which were attached to the e-mail. Because of this, I did not notice the documents which showed either that the Complaint had been filed or served.
>
> At all times prior to June 21, 2011, I believed that any action filed by Plaintiff against the District would have been filed in Sacramento Superior Court. After May 13, 2011, I checked the Sacramento Superior Court website for new

filings, and was unable to find any lawsuit filed by Plaintiff.

(Defendant's Declaration of John Bowmer in Support of Motion pursuant to F.R.C.P. Rule 60, Docket No. 14, pp. 36-37)

If Mr. Bowner had been so focused on the demand latter by attorney's plaintiff that was attached to the other documents in the case, he would done more than note the page length of the email and merely glance at the first page. Indeed, Mr. Bowner has represented that he was the individual who works with the District's insurance "to assign defense counsel to represent Sacramento Unified School District in cases such as this one, once a Summons and Complaint are served on the district." (Defendant's Declaration of John Bowmer in Support of Motion Pursuant to F.R.C.P. Rule 60, Docket #14, pp. 36). Equally implausible is the contention that their agents assumed they did not have to answer the Summons and Complaint, especially when the individual represented that it was his job responsibility to do exactly that.

At its core, Defendant's argument is that they were unsophisticated and should be excused on that basis. However, Mr. Bowner was apparently sophisticated enough to be able to check the Sacramento County Court website for new filings and to be employed by an insurance carrier specifically to respond to civil complaints. The fact that

Defendant, apparently with their insurance carrier, decided not to respond to this complaint as they would with other civil complaints demonstrates that Defendant willfully chose to ignore this suit to their detriment.

### B.   The District Lacks a Meritorious Defense

The party seeking relief from default bears the burden of showing a defense that might make the result at trial different from that reached by default.  Failure to do so is grounds for denial of relief. *Franchise Holding II supra,* 375 F.3d at 926 (litigant must present "specific facts that would constitute a defense");

A party seeking to vacate an entry of default must proffer some evidence beyond conclusory denials to satisfy the meritorious defense factor.  "[T]he moving party on a motion to reopen a default must support its general denials with some underlying facts." *Sony Corp. v. Elm Street Electronics, Inc.,* 800 F.2d 317, 320 (2d Cir. 1986).  While Defendant need not establish their defense conclusively, they "must present evidence of facts that, 'if proven at trial, would constitute a complete defense."' *SEC v. McNulty* 137 F.3d at 704, quoting *Enron Oil Co. v. Diakuhara,* 10 F.3d 90, 98 *(*2d Cir. 1993) (emphasis added).

Here, the District has failed to present any facts that, if proven at trial would, be a complete defense.  Instead of providing underlying facts, Defendant attempts to satisfy the legal standard of overturning a default with legalistic law and motion defenses.

Specifically, Defendant has cited his defense from the Eleventh Amendment, California Government Code § 945.4, and Rule 12(b)(6) of the Federal Rule of Civil Procedure. This is not enough to for purposes of a factual meritorious defense. *See* 10 F.3d at 98. Again, Defendant erroneously followed the wrong rule. Because their motion is devoid of any factual meritorious defense available to be proven at trial, and only legal arguments, Defendant has not presented <u>any</u> defense pursuant to Rule 55(c).

### C. Setting Aside the Default Entry Would Prejudice Ms. Mitchell

Courts will also deny a motion for relief if the plaintiff will suffer prejudice by reopening of the action. *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership* 507 U.S. 380, 395, 123 L.Ed.2d 74 (1993) (danger of prejudice to non-defaulting party a "relevant circumstance" in determining whether relief granted). Courts have suggested that the additional time and money a plaintiff will be required to spend on the litigation if the default is set aside may be evidence of "prejudice." *See Chrysler Credit Corp. v. Macino,* 710 F.2d 363, 367 (7th Cir. 1983).

Despite the District having finally made an appearance several months after Ms. Mitchell filed her complaint, Ms. Mitchell remain at risk for substantial prejudice if the District's Motion is granted. First, further delay grants irreparable professional damage to Ms.

1  Mitchell and may delay her future employment as a teacher.
2  The District has already wrongfully tarnished Ms.
3  Mitchell's stellar record because of racial discriminatory
4  motives, through this motion the District attempts to delay
5  the possibility of Ms. Mitchell becoming employed elsewhere
6  as a teacher. Moreover, any delay makes it more likely
7  that the memory of key witnesses necessary to establishing
8  Ms. Mitchell's case will decay.

9  Additionally, prejudice is clearly demonstrated
10 where the plaintiff's "ability to pursue his claim will be
11 hindered." *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir.
12 1984). The District's actions in this case demonstrate that
13 he is willing to go to great lengths to avoid paying wages
14 owed to Ms. Mitchell. The Court can deny the possibility
15 of such prejudicial actions by denying The District's
16 Motion.

17 Finally, if this Court were to decide to vacate
18 the default entry, Ms. Mitchell respectfully requests that
19 it only do so on condition precedent that Defendant pay the
20 attorneys' fees and costs Plaintiff has incurred in
21 obtaining the entry of default and in opposing this motion.
22 Conditional vacatur has often been awarded in Rule 55(c)
23 cases. *See, e.g., Coon v. Grenier,* F.2d 73, 79 (1st Cir.
24 1989) (vacatur conditioned on Defendant's payment of costs
25 and fees incurred in securing entry of default and default
26 judgment); *In re Arthur Treacher's Franchisee Litigation,*
27 92 F.R.D. 398, 419 (E.D. Pa.1981). To date, Ms. Mitchell
28 has incurred two thousand five hundred dollars of fees and

costs associated with securing the entry of default. Please see the accompanying declaration of Aldon L. Bolanos, Esq.

**IV.   CONCLUSION**

For the reasons set forth above, Ms. Mitchell respectfully requests that the District's Motion be denied in all respects, alternatively, Defendant moves that should the court grant Defendant's Motion that it do so conditioned upon the payment of two-thousand five hundred dollars in cost and fees incurred in securing entry of default in this manner.

DATED: JULY 13, 2011          LAW OFFICE OF ALDON BOLANOS

                              */s/ Aldon Bolanos, Esq.*

                              ATTORNEY FOR PLAINTIFF
                              Ekin Mitchell