IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EKIN MITCHELL,

        Plaintiff,                  No. CIV S-11-0362 LKK DAD

      v.

SACRAMENTO CITY UNIFIED
SCHOOL DISTRICT,

        Defendant.               FINDINGS & RECOMMENDATIONS

_____/

        This matter came before the court on July 29, 2011 for hearing of plaintiff's motion for default judgment (Doc. No. 13) and defendant's counter-motion to set aside default (Doc. No. 16).[1]  Curtis Malloy, who is not an attorney of record in this case, appeared on behalf of Aldon Louis Bolanos, Esq. for plaintiff.  James T. Anwyl, Esq. appeared for defendant.

        Upon consideration of the briefs on file, oral argument at the hearing, and the entire record, the undersigned recommends that defendant's motion to set aside default be granted and plaintiff's motion for default judgment be denied.

---

[1] Plaintiff's motion is before the undersigned pursuant to Local Rule 302(c)(19), which provides that all motions for entry of default judgment under Federal Rule of Civil Procedure 55(b)(2) are automatically referred to the assigned magistrate judge.  Defendant's motion is before the undersigned pursuant to the district judge's June 29, 2011 order specially referring the motion.  (Doc. No. 15; Local Rule 302(a).)

BACKGROUND

I. Procedural History

Plaintiff, proceeding with counsel, filed this employment discrimination action on February 9, 2011. (Doc. No. 1) On that same date, summons issued and an initial scheduling conference was set for May 2, 2011. On April 28, 2011, almost three months after issuance of summons and on the eve of the initial scheduling conference, the record did not reflect any appearance by defendant or any evidence that service of process had been effected by plaintiff. Accordingly, the district judge issued an order resetting the initial scheduling conference for June 20, 2011, "to allow defendant(s) time to answer." (Doc. No. 5.) Thereafter, on May 9, 2011, plaintiff filed a return of service showing that documents for service were provided to a process server on April 28, 2011, and service of process was effected on May 3, 2011 by delivery to a person designated to accept service of process on defendant school district. (Doc. No. 6.)

On June 15, 2011, on the eve of the rescheduled scheduling conference, the record did not reflect any appearance by defendant or any further action by plaintiff after filing a return of service executed. Accordingly, the district judge issued an order resetting the scheduling conference for October 3, 2011 "to allow plaintiff's counsel time to move for default/default judgment against defendant." (Doc. No. 7.) On June 16, 2011, plaintiff filed a motion for entry of default. (Doc. No. 8.) The Clerk entered defendant's default the next day. (Doc. No. 9.) On June 23, 2011, plaintiff moved for default judgment but twice failed to notice the motion properly. (Doc. Nos. 10 & 11.) The motion for default judgment now pending before the court was filed on June 24, 2011. (Doc. No. 13.) Plaintiff's certificates of service indicate that the motion for entry of default by the clerk was served on defendant by mail on June 16, 2011, and the three motions for default judgment were served on defendant by mail on June 23 and June 24, 2011. (Doc. Nos. 8, 10, 11 & 13.)

On June 28, 2011, twelve days after plaintiff served the motion for entry of default, eleven days after the Clerk entered defendant's default, and five days after plaintiff

1  served the first of three motions for default judgment, defendant filed a motion to set aside
2  default. (Doc. No. 14.) Two days after filing the motion to set aside, on June 30, 2011,
3  defendant filed its amended motion to set aside default, in compliance with the district judge's
4  referral order, and noticed it for hearing on the same day as plaintiff's motion for default
5  judgment. (Doc. Nos. 15 & 16.)
6        At the present time, the initial scheduling conference remains on the district
7  judge's calendar for October 3, 2011, with the proviso that the conference will be vacated if a
8  default judgment is entered prior to that date. (Doc. 7.)
9  II. Plaintiff's Claims
10       Plaintiff alleges as follows in her verified complaint. She is an accredited
11  schoolteacher formerly employed at McClatchy High School by defendant Sacramento County
12  Unified School District. (Compl. ¶ 1.) On January 27, 2010, an incident occurred involving a
13  student who was in plaintiff's class during the 10:30 a.m. period that day. (Id. ¶¶ 4-7.) On
14  January 29, 2010, after being interrogated by the Sacramento Police Department, plaintiff was
15  summarily placed on administrative leave. (Id. ¶ 9.) Plaintiff was subsequently placed on forty-
16  five days probation, and on March 5, 2010 she was terminated from her position for "extremely
17  unprofessional" conduct. (Id. ¶¶ 11-12.) During the disciplinary proceedings that ensued,
18  plaintiff and a second teacher involved in the incident were represented by a law firm retained by
19  the union. (Id. ¶ 16.) On the advice of the attorney who represented both plaintiff and the second
20  teacher, plaintiff executed a release in favor of the school district despite her belief that she was
21  being terminated improperly. (Id. ¶ 17.) Plaintiff contends that the release is null and void and is
22  not binding on her because it was executed by reason of fraud and duress and undue influence.
23  (Id.)
24       Plaintiff alleges wrongful termination (1) in violation of Title VII, (2) in violation
25  of her employment contract, (3) in violation of the covenant of good faith and fair dealing
26  implicit in all employment contracts, and (4) on the basis of race – specifically, her Arab ancestry

1  – in violation of the Civil Rights Act, 42 U.S.C. § 1981.  (Id. at 6-9.)  Plaintiff seeks
2  compensatory damages, tort damages, and punitive damages.  (Id. at 9.)

## ANALYSIS

### I. Legal Standards

Obtaining a default judgment in federal court is a two-step process.  First, the party seeking such a judgment must obtain an entry of default.  This step is governed by Federal Rule of Civil Procedure 55(a), which provides as follows:

> **Entering a Default.**  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a).  Second, after a default is entered, the party seeking default judgment may request entry of such judgment in one of two ways.  Fed. R. Civ. P. 55(b).  The party may request entry of default judgment by the Clerk "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation."  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  When a party applies to the court for default judgment, the court may conduct a hearing if it needs to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any matter related to the proposed default judgment.  Id.  A default or a default judgment may be set aside pursuant to Federal Rule of Civil Procedure 55(c).  "The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b)."  Fed. R. Civ. P. 55(c).

### II. Discussion

In the case before the court, plaintiff requested entry of default against defendant, and the Clerk properly entered defendant's default on plaintiff's showing that service of process had been effected and defendant had failed to plead or otherwise defend within the time specified on the summons.  Although plaintiff has moved for default judgment, the motion is pending and

no default judgment has been entered. Thus, it is the good cause standard, rather than the Rule 60(b) standard, that applies to defendant's motion to set aside default.

A district court's discretion to set aside default pursuant to Rule 55(c) is "'especially broad where, as here, it is entry of default that is being set aside, rather than a default judgment.'" O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)). See Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000) (affirming district court's decision to set aside default without comment because it was not an abuse of discretion to accept the defendant's explanation of the delay in responding to plaintiff's complaint); Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th Cir. 1986) (recognizing that the standard for setting aside entry of default under Rule 55(c) is less rigorous than the standard for setting aside entry of default judgment). "A decision on a motion to set aside a default is not an abuse of discretion unless the court is 'clearly wrong' in its determination of good cause." Mendoza, 783 F.2d at 945 (citation omitted). "'Where timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the default so that cases may be decided on their merits.'" O'Connor, 27 F.3d at 364 (quoting Mendoza, 783 F.2d at 945-46 (internal quotations and brackets omitted)).

Here, defendant first became aware of its default on June 21, 2011, when it received in the mail a copy of the motion for entry of default filed by plaintiff on June 16, 2011. (Def't's Mot. to Set Aside Default, Bowmer Decl. at 2 (Doc. No. 16).) On the morning of June 21, 2011, defendant notified its insurer of its receipt of plaintiff's filing, and the insurer immediately obtained counsel to defend the case. (Id.) Within hours of being retained, defendant's counsel sent a letter to plaintiff's counsel explaining defendant's failure to respond to plaintiff's complaint and requesting that plaintiff stipulate to set aside default. (Id., Anwyl Decl. at 1.) After receiving no response to the letter, defendant's counsel faxed a letter to plaintiff's counsel on June 27, 2011, inquiring about the date of the hearing on plaintiff's motion.

(Id., Anwyl Decl. at 2.) Defendant filed its motion to set aside default on June 28, 2011, together with a proposed motion to dismiss the complaint pursuant to Rule 12(b). (Id., Anwyl Decl., Ex. C.) On June 30, 2011, in accordance with the district judge's referral order, defendant promptly filed an amended motion noticed for hearing on the same date as plaintiff's motion for default judgment.

On the facts before the court, the undersigned finds that defendant's request for relief from default is timely. Plaintiff's arguments to the contrary are unpersuasive. The record reflects that service of process was not effected until almost three months after summons was issued, and then only after the district judge continued the scheduling conference to allow defendant time to answer the complaint. Plaintiff did not request default judgment until approximately six weeks after service was effected, and then only after the district judge continued the scheduling conference again to allow plaintiff time to move for default and default judgment against defendant. The brief delay that may be ascribed to defendant's default does not exceed plaintiff's own delays in prosecuting the case. In any event, plaintiff's desire to now expedite the case may be addressed when the case is scheduled.

The declarations provided by defendant also demonstrate that the default was caused by excusable neglect. Defendant acknowledges that service of process was effected on May 3, 2011 and explains that the documents served, which included a demand letter from plaintiff's counsel, were promptly presented to its insurer for the purpose of retaining defense counsel. Mr. Bowmer, the insurer's employee who received the materials by e-mail from defendant on May 13, 2011, states that he did not realize that a suit had been filed because he focused on the demand letter and other documents and did not notice documents that showed the complaint had been filed. (Def't's Mot. to Set Aside Default (Doc. No. 16), Bowmer Dec. at 2.) Until June 21, 2011, Mr. Bowmer believed that any case filed by plaintiff would be filed in the Sacramento County Superior Court, and therefore he checked that court's website but found no filing by plaintiff. Mr. Bowmer was unaware of any action filed by plaintiff until he received a

call from defendant on June 21, 2011. (Id.) The undersigned finds that nothing in the Bowmer declaration supports a conclusion that defendant's default was the result of a willful strategy to delay judgment and cause harm to plaintiff, as argued by plaintiff's counsel.

In addition, upon consideration of defendant's motion to set aside default and defendant's proposed motion to dismiss, the undersigned finds that defendant has asserted defenses that may be meritorious.

For all of these reasons, the undersigned finds that defendant has established good cause to set aside default. The undersigned will therefore recommend that defendant's timely motion to set aside default be granted and that plaintiff's motion to enter default judgment be denied. In making the latter recommendation, the undersigned has considered the Eitel factors and finds that plaintiff will not be prejudiced if default judgment is denied because defendant's appearance in the case demonstrates that plaintiff will not be deprived of recourse on her claims. Moreover, the merits of plaintiff's claims are called into question by defendant's proposed motion to dismiss, and defendant's motion to set aside default and proposed motion to dismiss demonstrate that material facts are disputed in this action. It appears that defendant's default was due to excusable neglect, and the strong policy of favoring decisions on the merits supports a decision to deny plaintiff's motion for default judgment. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citing 6 Moore's Federal Practice ¶ 55-05[2], at 55-24 to 55-26). Because this is not a case in which a decision on the merits has been rendered impossible by a defendant's failure to appear and defend, and all of the Eitel factors weigh against default judgment, it would be an injustice to enter such a judgment.

## CONCLUSION

The undersigned has considered plaintiff's argument that setting aside defendant's default in this case should be subject to conditions. See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. Louisiana Hydrolec, 854 F.2d 1538, 1546-47 (9th Cir.1988) ("By conditioning the setting aside of a default, any prejudice suffered by the non-defaulting party as a

result of the default and the subsequent reopening of the litigation can be rectified."). See also Oliner v. McBride's Indus., Inc., 102 F.R.D. 561, 563-64 (D.C. N.Y. 1984) (setting aside default on condition that defendant file answer within a specified time). In light of the relatively brief delay in this case, the absence of any evidence of culpability on defendant's part, and plaintiff's failure to establish prejudice, the undersigned will not recommend that attorney fees be awarded to plaintiff or that any conditions be imposed on the setting aside of defendant's default, except that if the default is set aside, defendant should be required to file its motion to dismiss promptly and notice it for hearing as soon as practicable.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to set aside default (Doc. No. 16) be granted without conditions, except as set forth below;

2. Plaintiff's motion for default judgment (Doc. No. 13) be denied; and

3. Defendant be directed to file its Rule 12 motion within ten days after any order in which defendant's default is set aside and to set the motion for hearing as soon as practicable.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after these findings and recommendations are filed, any party may file written objections with the court. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 29, 2011.

/s/ Dale A. Drozd
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:kw
Ddad1\orders.civil\mitchell0362.f&r.setaside.def